### 3262.   DISTRICT GRAND LODGE No. 18 v. SHELTON.

POWELL, J.  This case is controlled by *Starnes* v. *Atlanta Police Relief Asso.*, 2 *Ga. App.* 237 (1, 2, 3), (58 S. E. 481).

*Judgment affirmed.*

DECIDED JANUARY 15, 1912.  REHEARING DENIED FEBRUARY 12, 1912.

Appeal; from Fulton superior court—Judge Bell.  February 4, 1911.

Suit was brought in a justice's court against District Grand Lodge No. 18, G. U. O. O. F. of Georgia, for the amount of a policy issued to the plaintiff's husband, John C. Shelton, by which, in consideration of his agreement, on becoming a member of West End Lodge No. 7687 of the G. U. O. O. F., to comply with the laws of the said order, especially those set out on the reverse side of the policy, the Bureau of Endowment of the order agreed to pay her, as beneficiary, $100, within 90 days after satisfactory proof of his death "while in good standing in said Bureau of Endowment."  The defendant contended that Shelton was not in good standing in his lodge and in the Bureau of Endowment at the time of his death; that at that time he owed three months' dues, and had been suspended.  On appeal, the plaintiff obtained a verdict in the superior court for the amount of the policy.  The defendant's motion for a new trial was overruled, and it excepted.

The provisions referred to in the policy, as set out on the reverse side, are as follows: "Each and every member indebted to the Bureau of Endowment for two months' dues is hereby suspended from the benefits of said bureau, and in case of a member's death while dues for two months or more are unpaid, the beneficiary of such deceased shall in no event be entitled to recover any benefits whatsoever from said bureau."  "The Bureau of Endowment shall in no event be responsible to individual members for neglect or failure of the lodges to send in to the District Grand Secretary the names or name of its members under the requirement of this act, but will protect said members in their benefits aforesaid when

prompt application is made by him to the Bureau of Endowment." "It is expressly understood and declared that the lodge is the agent of the member or insured, and not of the Bureau of Endowment." ·

From the proof of death furnished to the defendant, it appeared that Shelton died on January 27, 1910. The District Grand Secretary of the defendant testified, that he kept the life register of the Bureau of Endowment, that it showed the classification of each member, and that Shelton did not pay his dues to the Bureau of Endowment for the months of October, November, and December, 1909. This register was introduced in evidence. It contained an entry in reference to Shelton as follows: "Suspended 12-1-09." Laws of the District Grand Lodge, which were introduced in evidence, provided that it should be the duty of the Permanent Secretary to forward to the Secretary of the Bureau of Endowment on or before the 10th of each month his report for the month, with 25 cents for each member last reported; that the Secretary of Endowment should collect all funds of the bureau; also: "The District Grand Secretary shall keep a life register of each and every member of the Bureau of Endowment, whereon he shall note the forfeiture, suspension, or expulsion of each and every member as the same may occur, together with the date of every policy, such notation to be made each and every month from the reports of the several lodges of the jurisdiction. No beneficiary shall receive or recover any of the benefits provided, unless the classification of the deceased member in the office of the Secretary of Endowment is that of a Financial Odd Fellow, as determined by the rules and regulations of the Bureau of Endowment, all of which rules and regulations are expressly made a part of each contract and policy." R. H. Echols testified, that during October, November, and December, 1909, he was Permanent Secretary of the lodge mentioned in the policy, of which John C. Shelton was a member, and that Shelton did not pay his dues for these months.

The plaintiff introduced in evidence a "financial card," with entries showing the amounts of Shelton's dues for October, November, and December, 1909, preceded by the following statement: "Brother John Shelton in account with West End Lodge No. 7687, G. U. O. O. F. Permanent Secretary's address, Sidney R. Gray," etc. Opposite the entry of October dues, and under the heading "P. S. Signature," was the signature, "S. R. Gray," and

opposite the entries of November and December dues and under the same heading, was the signature "G. W. Spann." G. W. Spann testified that this was his signature; that the letters "P. S." meant "Permanent Secretary;" that he was not Permanent Secretary, but was Elective Secretary of the lodge mentioned, and had no authority to receive and receipt for dues of members; that this was the duty of the Permanent Secretary.

In the motion for a new trial it is alleged, that the verdict was without evidence to support it, and that the court erred in not excluding from evidence the "financial card," upon the objection that it appeared from the evidence that Spann was not Permanent Secretary of the lodge, and that he had no authority to receive and receipt for dues.

*C. P. Goree,* for plaintiff in error.  *C. B. Rosser Jr.,* contra.